**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| BEVERLY WEATHERLY, ) | |
| ) | |
| Plaintiff ) | |
| ) | **Case No.:** |
| v. ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| AMERIFINANCIAL SOLUTIONS, LLC, ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |
| _____ ) | |

**COMPLAINT**

BEVERLY WEATHERLY ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against AMERIFINANCIAL SOLUTIONS, LL ("Defendant"):

**INTRODUCTION**

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the State of Delaware and therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

- 1 -

**PARTIES**

5.      Plaintiff is a natural person residing in Wilmington, Delaware.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a national debt collection company with corporate headquarters located at 100 Sparks Valley Rd, Cockeysville, Maryland, 21152-9342.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.      At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11.      Beginning in or around October 2016, and continuing through December 2016, Defendant's collectors placed repeated harassing telephone calls to her cellular telephone.

12.      Defendant's harassing debt collection calls derived from numbers including, but not limited to (443) 650-5382 and (800) 753-7106.  The undersigned has confirmed that this number belongs to the Defendant.

13.      Plaintiff told Defendant to stop calling in or around when the calls first began.

14.      Once Defendant knew that its calls were unwanted any further calls could only have been placed in order to harass Plaintiff.

15.      However, Defendant ignored Plaintiff's request for calls to cease and continued to call her.

PLAINTIFF'S COMPLAINT

16.     Thereafter, Plaintiff retained the undersigned counsel, who sent a letter of representation and cease and desist letter to Defendant on December 22, 2016.  See Exhibit A.

17.     This correspondence was received by Defendant on December 27, 2016.  See Exhibit B.

18.     However, Defendant continued to call Plaintiff through April 2017.

19.     During the calls to Plaintiff, Defendant's collectors have threatened to garnish Plaintiff's wages.

20.     Upon information and belief, Defendant has not taken any steps to garnish Plaintiff's wages, had no intention of taking such action, and could not legally take such action.

21.     Finally, Defendant also failed to send anything in writing to Plaintiff setting forth her rights pursuant to the FDCPA.

22.     Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

23.     Defendant's conduct violated 15 U.S.C. §§ 1692d and 1692d(5).

    a.     A debt collector violates § 1692d of the FDCPA  by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.     A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called

PLAINTIFF'S COMPLAINT

number.

c.   Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by calling Plaintiff repeatedly, and continuing to call Plaintiff after being told to stop calling.

## COUNT II

24.   Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA.

a.   A debt collector violates § 1692e of the FDCPA by using any false, deceptive or misleading representations or means in connection with the collection of any debt.

b.   A debt collector violates § 1692e(4) by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

c.   A debt collector violates § 1692e(5) by making a threat of action it does not intend to take or legally can't take.

d.   A debt collector violates § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt.

e.   Here, Defendant violated §1692e, §1692e(4), §1692e(5) and 1692e(10) of the FDCPA by harassing the Plaintiff by threatening to garnish Plaintiff's wages when it had no intention of doing so.

PLAINTIFF'S COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**COUNT III**

25.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a)(2) of the FDCPA.

       a.     A debt collector violates § 1692c(a)(2) of the FDCPA when without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector communicates with a consumer in connection with the collection of any debt -- (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

       b.     Here, Defendant violated § 1692c(a)(2) of the FDCPA when it communicated with Plaintiff after it knew she was represented by counsel.

**COUNT III**

25.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(c) of the FDCPA.

       a.     A debt collector violates § 1692c(c) of the FDCPA by communicating with a consumer if the consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer.

- 5 -

b.  Here, Defendant violated § 1692c(c) of the FDCPA when it contacted Plaintiff after receiving a cease and desist letter.

## COUNT V

26.  Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692g(a).

a.  A debt collector violates § 1692g(a) of the FDCPA by failing, within five days after the initial communication with a consumer in connection with the collection of a debt, to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b.  Here, Defendant violated § 1692g(a) of the FDCPA by failing to send

- 6 -

Plaintiff written notification of his rights to dispute the debt, request verification of the debt and/or to request information about the creditor within five (5) days of its initial communication with Plaintiff.

WHEREFORE, Plaintiff, Beverly Weatherly, respectfully pray for a judgment as follows:

a.  All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Beverly Weatherly, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

Date:   5-22-17                         By: /s/W.Christopher Componovo, Esquire
                                        W. Christopher Componovo, Esquire
                                        Kimmel & Silverman, P.C.
                                        30 E. Butler Pike
                                        Ambler, PA 19002
                                        Phone: (215) 540-8888 ext. 110
                                        Fax: (877) 788-2864
                                        Email: wcomponovo@lemonlaw.com

PLAINTIFF'S COMPLAINT